IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

MARIO MALDONADO,                    :
                 Petitioner,        :
            v.                      :    Case No. 3:01-cv-248-KRG-KAP
JOHN McCULLOUGH, WARDEN,            :
S.C.I. HOUTZDALE,                   :
                 Respondent         :

<u>Report and Recommendation</u>

<u>Recommendation</u>

Petitioner has filed what he calls a motion for equitable
relief, seeking to vacate the judgment in this matter denying his
habeas corpus petition.   docket no. 25.   The motion should be
denied.

<u>Report</u>

Petitioner is serving a life sentence imposed by the
Court of Common Pleas of Northampton County in 1997, after
petitioner was convicted of first degree murder for the shooting
death of Tommy Ramirez.  Petitioner filed a petition for a writ of
habeas corpus in 2001; this court denied the petition in 2002; the
Court of Appeals for the Third Circuit denied a certificate of
appealability in 2003; and the Supreme Court denied a writ of
certiorari in 2004.   In 2006, petitioner filed an application for
leave to file a second or successive habeas corpus petition.   The
Court of Appeals for the Third Circuit denied that motion in 2007.
docket no. 24.  Now petitioner seeks to vacate the judgment of this
court under Fed.R.Civ.P. 60(b)(4) and (b)(6).

When the facts alleged in a petitioner's Rule 60(b) motion show that petitioner is attacking the manner in which the earlier habeas judgment was procured and not the underlying conviction, the Rule 60(b) motion may be adjudicated on the merits. Pridgen v. Shannon, 380 F.3d 721, 727-28 (3d Cir.2004). Despite petitioner's attempt to characterize his motion as one attacking the procedure used in the disposition of his petition, he only asserts that this court erred in rejecting one of the claims in his original petition, the alleged ineffectiveness of his trial counsel in failing to object to a reference to petitioner's post-arrest silence. Rule 60(b) is neither a second opportunity to take a direct appeal, Morris v. Horn, 187 F.3d 333, 336 (3d Cir.1999), nor a second opportunity to litigate the merits of a habeas petition, Pridgen v. Shannon, supra, 380 F.3d at 727-28 (a Rule 60 motion attacking the underlying state court conviction must be treated as a second or successive petition under the Antiterrorism and Effective Death Penalty Act of 1996 and be authorized by the appropriate Court of Appeals under 28 U.S.C.§ 2244(b). Petitioner's motion must be denied.

Pursuant to 28 U.S.C.§ 636(b)(1), the parties are given notice that they have ten days to serve and file written objections to this Report and Recommendation.

DATE: _December 30, 2008_   _Keith A. Pesto_ _____

Keith A. Pesto,
United States Magistrate Judge

Notice by U.S. Mail to:

Mario Maldonado DG-3437
S.C.I. Dallas
1000 Follies Road
Drawer K
Dallas, PA 18612

William W. Matz, Esquire
Northampton County District Attorney's Office
669 Washington Street
Easton, PA 18042